# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV0097 LMB |
| | ) | |
| NEW MADRID COUNTY, | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Skinner (registration no. 1069523), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are New Madrid County, Missouri; New Madrid County Sheriff's Department; Unknown New Madrid County Jail Supervisors; and Unknown New Madrid County Jail Administrators. Plaintiff seeks monetary and injunctive relief.

The complaint alleges that in May 2002 he was temporarily imprisoned at New Madrid County Jail (the "Jail") as a pretrial detainee. Plaintiff claims that while he was detained at the Jail he was housed with dangerous individuals, he was deprived of adequate food, and he was not allowed to participate in outdoor recreation.

## Discussion

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 767 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[(e)] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff filed the instant complaint on July 5, 2007: more than five years after the incidents in the complaint took place. As a result, it is clear from the face of the complaint that the statute of limitations has run, and this case shall be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 16th Day of July, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE