# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN C. SKINNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:07CV0097 LMB |
| NEW MADRID COUNTY, MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for relief from judgment pursuant to Rule 60. Plaintiff argues that the Court erred in dismissing the complaint because the statute of limitations had expired. Upon reconsideration, the Court finds that plaintiff is correct. However, the Court will deny the motion for relief from judgment because the complaint is both legally frivolous and fails to state a claim under 42 U.S.C. § 1983.

In its order dated July 16, 2007, the Court found that the statute of limitations had run because the complaint was filed more than five years after the alleged events occurred. However, plaintiff was 17 years old when the events occurred. Under Mo. Rev. Stat. § 516.170, the statute of limitations was tolled until plaintiff obtained 21

years of age. H.R.B. v. Rigali, 18 S.W.3d 440, 443-44 (Mo. App. 2000). As a result, the complaint was timely filed and should not have been dismissed as time-barred.

Under 28 U.S.C. § 1915(e)(2)(B), a complaint filed in forma pauperis must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff brings this action under 42 U.S.C. § 1983 against New Madrid County, Missouri; New Madrid County Sheriff's Department; Unknown New Madrid County Jail Supervisors; and Unknown New Madrid County Jail Administrators. Plaintiff claims that while he was detained at the Jail he was housed with dangerous individuals, he was deprived of adequate food, and he was not allowed to participate in outdoor recreation.

Generally, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of the "New Madrid County Jail Supervisors" or the "New Madrid County Jail Administrators" to be ascertained after reasonable discovery. These particular

unknown defendants are both unidentified and indeterminate in number. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As a result, the complaint is legally frivolous as to defendants "New Madrid County Jail Supervisors" or the "New Madrid County Jail Administrators."

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the "New Madrid County Jail Supervisors" or the "New Madrid County Jail Administrators" were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which a relief can be granted as to these defendants.

The complaint is silent as to whether the individual unnamed defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the

complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case New Madrid County, Missouri. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). While plaintiff alleges that the alleged harms occurred as a result of a lack of policy, the allegations are wholly conclusory and fail to allege any facts, which if proved, would entitle plaintff to relief. As a result, the complaint fails to state a claim upon which relief can be granted.

For these reasons, the Court recognizes that the reason it gave for dismissing the complaint on July 16, 2007, was incorrect. However, plaintiff is not entitled to relief from the dismissal under Rule 60 because the allegations in the complaint are both legally frivolous and fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief from judgment pursuant to Rule 60 [#12] is **DENIED**.

Dated this 15th Day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE